MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>Plaintiff,<br><br>v.<br><br>ACLU Foundation of Arizona, et al.,<br><br>Defendants. | No. CV 17-00144-TUC-RM<br><br>**ORDER** |

On March 31, 2017, Plaintiff Devin Andrich, who was then confined in the Arizona State Prison Complex-Safford, filed a pro se civil rights Complaint (Doc. 1), asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and state law. In a July 11, 2017 Order (Doc. 7), the Court dismissed Plaintiff's ADA and § 1983 claims with leave to amend and, after determining that it lacked diversity jurisdiction, declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

On August 15, 2017, Plaintiff filed a First Amended Complaint (Doc. 8). In a February 1, 2018 Order (Doc. 15), the Court dismissed the First Amended Complaint and this action, concluding that it lacked original jurisdiction over Plaintiff's state law claims and determining that Plaintiff had failed to state a claim upon which relief could be granted.

Pending before the Court is Plaintiff's Motion to Set Aside Order (Doc. 18). Plaintiff challenges the February 1, 2018 ruling, arguing that reconsideration is

appropriate because the Court (1) erroneously determined that the amount in controversy had been alleged in bad faith, (2) abused its discretion by denying Plaintiff leave to amend, and (3) failed to comply with Federal Rule of Appellate Procedure ("FRAP") 24(a)(3)(A) by citing reasons that an appeal from the February 1, 2018 Order would not be taken in good faith.

## I. Standard

"Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

## II. Discussion

In the February 1, 2018 Order, the Court determined that the requirements of 28 U.S.C. § 1332 were not met because Plaintiff had failed to allege the amount in controversy in good faith.  The Court stated,

> In his original Complaint, Plaintiff asserted federal and state law claims based on the same set of events as in his First Amended Complaint against several defendants, both citizen and non-citizen defendants.  The Court dismissed the federal law claims in the original Complaint and declined to exercise supplemental jurisdiction over the state-law claims. (Doc. 7 at 15.)  The Court also found that there was not complete diversity among the parties, and therefore the Court did not

> have diversity jurisdiction pursuant to 28 U.S.C. § [1332]. (*Id.*) In his First Amended Complaint, Plaintiff removed all Arizona defendants from the action, only names defendants that are citizens of other states, and asserts only state law claims. Although Plaintiff alleges that the amount in controversy exceeds $75,000, Plaintiff's allegations that the injuries and alleged damages he suffered are connected to the conduct of Defendants are conclusory and without factual support. Accordingly, it appears that Plaintiff's alleged amount in controversy is sought in bad faith solely to retain the jurisdiction of this Court, and as such, this Court lacks jurisdiction over Plaintiff's state-law claims.

(Doc. 15 at 6.) The Court went on to hold that, even if Plaintiff had met the requirements for diversity jurisdiction under § 1332, he had failed to state a claim under state law. (*Id.* at 6-9.)

Plaintiff does not provide a valid basis for the Court to reconsider its conclusion regarding diversity jurisdiction, nor does he legitimately contest the other grounds for dismissal cited by the Court. Thus, upon review of the First Amended Complaint (Doc. 8), the February 1, 2018 Order (Doc. 15), and the Motion to Set Aside (Doc. 18), the Court sees no reason to reconsider its dismissal of this action without leave to amend.

Plaintiff's argument that the Court failed to comply with FRAP 24(a)(3)(A) is also unavailing, as the reasons for the Court's certification under that Rule are the same as those underlying the dismissal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) (trial court's certification pursuant to Rule 24(a)(3)(A) may incorporate by reference decision dismissing prisoner's complaint on the merits). Nevertheless, because this Order contains additional information regarding the dismissal of this action, the Court will grant Plaintiff's Motion to Set Aside insofar as this Order provides further explanation of the Court's decision.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Set Aside Order (Doc. 18) is **granted in part and denied in part.** The Motion is granted insofar as this Order provides further explanation of the Court's decision. In all other respects, the Motion is denied.

    (2)    This case shall remain **closed**.

Dated this 19th day of March, 2018.

_____
Honorable Rosemary Márquez
United States District Judge